UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vernon Bonner,                                          Civil No. 03-6347 (JRT/FLN)

     Plaintiff,

     v.                                               **REPORT AND**
                                                         **RECOMMENDATION**

Federal Bureau of Prisons, et al.,

     Defendants.

_____

*Pro Se* Plaintiff.
Lonnie Bryan, Assistant United States Attorney, for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on remand from the Court of Appeals for the Eighth Circuit on Defendants' motion to dismiss or for summary judgment [#13].  This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends that Defendants' Motion be denied.

## I.  FINDINGS OF FACT

Plaintiff Vernon Bonner (hereinafter referred to as "Plaintiff") was an inmate at the Federal Correctional Institution in Waseca, Minnesota (hereinafter referred to as "FCI-Waseca") between March 2003 and November 28, 2003.  Plaintiff brought a *Bivens* action on November 28, 2003, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging damages for the wrongful return of mail to the sender in violation of Plaintiff's right to Due Process, and in violation of the First Amendment and the Sixth Amendment.

Plaintiff alleges that, between March, 2003, and June, 2003, Plaintiff was denied his properly addressed legal mail correspondence from his attorney and was not informed of this denial orally

or in writing by Defendants.  On March 24, 2003, a package from Plaintiff's attorney, Thomas

Organ, was sent to Plaintiff and was returned to sender by staff of the Bureau of Prisons (hereinafter

referred to as "BOP") because the package did not comply with 28 C.F.R. § 540.19(b) and there was

no package authorization for it.  (Docket Number 13 at 4.)  On April 28, 2003, a second package was

sent to Plaintiff by Thomas Organ.  (Docket Number 13 at 4.)  The package was returned to sender

by BOP staff at the post office in Waseca, Minnesota, because the package did not qualify as Special

Mail and there was no package authorization for it.  (Docket Number 13 at 4.)  On June 16, 2003,

a third package was sent to Plaintiff from Thomas Organ and was returned to the sender by BOP

staff at the post office in Waseca, Minnesota.  (Docket Number 13 at 5.)  Defendants admit that

"[t]he sender receives notice that a package was rejected when it was unauthorized . . . The

addressee, however, does not receive notice that a particular package is rejected for lack of an

authorization."  (Docket Number 65 at 4-5.)  Defendants state that "[a]lthough an inmate does not

receive notice that a particular unauthorized package has not been delivered, he should know that

a prior authorization is required [because] [d]uring orientation, the need for an authorization is

discussed."  (Docket Number 65 at 5.)  The inmate admissions and orientation handbook at FCI-

Waseca states that "[a]ll packages addressed to you and received at the institution must have prior

authorization from the unit team.  Packages received without prior authorization will be refused at

the post office and returned to the sender in its entirety."  (Docket Number 65 at 5 (quoting FCI-

Waseca Admissions and Orientation Handbook, Revised April 2006).)

Defendants first moved to dismiss or, in the alternative, for summary judgment on April 19,

2004.  (Docket Number 13.)  The motion was referred to United States Magistrate Judge Franklin

L. Noel, who recommended granting the motion in its entirety.  (Docket Number 28.)  Plaintiff

appealed this ruling.  (Docket Number 29.)  District Court Judge John R. Tunheim adopted the Report and Recommendation on March 5, 2005, and dismissed Plaintiff's case with prejudice. (Docket Number 31.)

Plaintiff appealed the dismissal of his case to the Court of Appeals for the Eighth Circuit. (Docket Number 35.) The Eighth Circuit reviewed the dismissal of Plaintiff's complaint and upheld the ruling of the District Court in all but one respect. Citing the Supreme Court's opinion in *Procunier v. Martinez*[1], holding that prisoners "do have a right to procedural due process," when their mail is rejected, the Eighth Circuit observed that the Court below had not analyzed Plaintiff's "allegation that defendant T.C.Outlaw failed to notify [Plaintiff] that [Plaintiff's] incoming mail had been returned."  (Docket Number 58 at 2-3.)  The Eighth Circuit remanded the case back to this Court for consideration of that claim.

In light of the Eighth Circuit's opinion, Plaintiff's only remaining claim is against Defendant T.C. Outlaw (hereinafter "Defendant"), for his failure to notify Plaintiff that his incoming mail had been returned to the sender.  Plaintiff argues that Defendant Outlaw's failure to notify him that his incoming mail had been returned to sender violated his right to due process.  (Docket Number 57.) Defendant argues that the rules do not require that an inmate receive notice that an unauthorized package was returned to the sender.  Defendant further argues that, even though notice is not required under the rules, Plaintiff's attorney received notice and that notice is imputed onto Plaintiff. Defendant argues that the Prison Litigation Reform Act bars recovery in the instant case, and that Defendant is entitled to qualified immunity.

These last arguments depend in part upon four exhibits the Defendant has submitted in

---

[1]416 US 396, 417-419 (1974).

connection with his motion.  They are:

| Exhibit No. | Description |
| --- | --- |
| 1 | Intake Screening Form dated 12/17/02 |
| 2 | Excerpts from the FCI-Waseca's Admissions and Orientation Handbook revised April 2006. |
| 3 | Correspondence from Thomas J. Organ to Vernon Bonner dated April 30, 2003 |
| 4 | Lesson Plan: ISM Admission and Orientation Instructor Notes |

## II.    STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, Defendant seeks summary judgment under Rule 56.  A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party cannot prove any set of facts in support of his claim that would entitle him to relief.  *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted).  In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the non-moving party all reasonable inferences to be drawn from those facts.  *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal

4

conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir.1981).

Summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

## III.   LEGAL ANALYSIS

### A.       Plaintiff Has Stated a Claim Upon Which Relief May Be Granted

Upon review of Plaintiff's complaint, it appears that Plaintiff has stated a claim for a violation of due process as articulated by the Eighth Circuit. The Eighth Circuit, in its remand of this case to this Court, stated that "Inmates do have a right to procedural due process, however, when their mail is rejected." <u>See</u> *Procunier v. Martinez*, 416 U.S. 396, 417-419 (1974) (decision to censor or withhold delivery of letter must be accompanied by minimum procedural safeguards; inmate should be notified of rejection)." (Docket Number 58 at 2.) The United States Supreme Court held in *Procunier v. Martinez* that

> the decision to censor or withhold delivery of a . . . letter must be accompanied by minimum procedural safeguards. The interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstance of imprisonment. As such, it is protected from arbitrary governmental invasion . . . The District Court required that an inmate be notified of the rejection of a letter written by or addressed to him, that the author of that letter be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence.

5

416 U.S. 369, 417-19 (1974) (internal citations omitted).

Pursuant to *Martinez*, when a decision is made to withhold delivery of a letter to an inmate, the inmate must be notified. Defendant argues that the holding in *Martinez* does not apply in the present case because it "did not involve packages or 28 C.F.R. § 540.14(d)(8)." (Docket Number 65 at 8-9.) The Court notes at the outset that 28 C.F.R. § 540.14(d)(8) is irrelevant to the issue at hand, as that regulation states that "[a] package received without prior authorization by the Warden is considered to be contraband." 28 C.F.R. § 540.14(d)(8). The fact that a package received without prior authorization is treated as contraband by FCI-Waseca has no bearing on whether Plaintiff has a procedural due process right to be notified in the event that delivery of a package addressed to him is refused.

Defendant argues that the holding in *Martinez* does not apply to this case because "the contents of the package [in this case] were not examined or rejected pursuant to the BOP content based censorship regulations and [*Martinez*'s] holding concerned letters not packages." (Docket Number 65 at 9.) The Court rejects these arguments. First, the fact that the contents of the package in this case were not examined or rejected pursuant to the BOP's content based censorship regulations is irrelevant. It is clear that the holding in *Martinez* applies to situations where the prison has made the decision to withhold delivery of a particular letter, regardless of the reason behind that decision. Second, the Court rejects Defendant's attempt to distinguish the minimum procedural safeguards required when a prison decides to withhold the delivery of a letter versus a package. The Court concludes that the same rationale the Supreme Court used to support its determination that "the decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards" is more than sufficient to require minimum

6

procedural safeguards to accompany the decision to censor or withhold delivery of a particular package.  The Supreme Court noted that "[t]he interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment [and] . . . [a]s such, it is protected from arbitrary governmental invasion."  *Id*. at 418.  These same interests exist in this context, where prison officials rejected a package addressed to Plaintiff.  The fact that the package did not possess the required prior authorization has no bearing on whether the rejection of said package should have been accompanied by minimum procedural safeguards, including notice.

Next, Defendant argues that he is entitled to qualified immunity, stating that he "reasonably relied on the regulations that did not provide for notice."  (Docket Number 65 at 13 n. 7.)  To the extent that Defendant argues that this case should be dismissed because he is entitled to qualified immunity, the Court rejects that claim.  The Court concludes that the over 30 year old holding in *Procunier v. Martinez* clearly established a right to minimum procedural safeguards, including notice, where a prison facility makes the decision to reject a letter addressed to an inmate.  As previously stated, the Court rejects Defendant's frivolous distinction between packages and letters.  Indeed, Defendant makes no attempt to argue that a package is different than a letter for the purposes of minimum procedural safeguards, except to say that the holding in *Martinez* and 28 C.F.R. § 540.13[2] only references letters, not packages.  Therefore, a constitutional right to minimum

---

[2] 28 C.F.R. § 540.13 states, in part "[t]he Warden shall . . . notify an inmate of the rejection of any letter addressed to that inmate, along with the reasons for the rejection and shall notify the inmate of the right to appeal the rejection.  The Warden shall refer an appeal to an official other than the one who originally disapproved the correspondence."  This language is very similar to the language utilized by the Supreme Court in *Martinez*, 416 U.S. at 418-19.  *See supra* at 5.

procedural safeguards, including notice, was clearly established at the time the alleged incidents occurred, and Defendant T.C. Outlaw's claim for qualified immunity fails. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).

## B.    Defendant Is Not Entitled To Summary Judgment

There is nothing in the exhibits Defendant submitted that changes the Court's analysis of Defendant's qualified immunity or failure to state a claim contentions when viewed through the lens of summary judgment instead of the standard of Rule 12(b)(6).

In addition, Defendant argues that 42 U.S.C. § 1997e(e) bars the instant case.  42 U.S.C. § 1997e(e) states that "[n]o federal civil action may be brought by a prisoner confined to a . . . prison . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Defendant argues that Plaintiff has not alleged a physical injury; therefore, his claims for emotional and mental distress are inadequate, and 42 U.S.C. § 1997e(e) bars the instant case.

While Plaintiff alleges in his complaint that Defendant "caused the Plaintiff to suffer Emotional Distress by not giving Bonner his Properly addressed Legal Mail" and that Defendant failed to give Plaintiff his legal mail correspondence "with utter Reckless Disregard for Plaintiff Rights and caused Mental Distress which were intentional and deliberate" Plaintiff also alleges that he incurred damages as a result of the failure of the Bureau of Prisons to inform him that his packages were being rejected and returned to the sender.  (Compl. ¶¶ 10-11; 13.)

Whether Plaintiff can establish his claim to damages in this case is a question of fact that cannot be decided on the basis of the pleadings as supplemented by the exhibits submitted by Defendant.  Therefore, the Court cannot determine whether Plaintiff's suit is barred by virtue of 42 U.S.C. § 1997e(e).  The Court expresses no opinion as to whether Plaintiff's suit is barred by 42

U.S.C. § 1997e(e).  The Court merely concludes that the record in this case is not adequate to make such a determination at this time.

Finally, Defendant argues that, assuming notice is required in the present case, the package was returned to Plaintiff's lawyer and notice to Plaintiff's lawyer was sufficient notice to Plaintiff. (Docket Number 65 at 5-6) (citing *Rogers v. Palmer*, 102 U.S. 263 (1880) and *In re Land*, 215 B.R. 398 (8th Cir.1997)).  The Court rejects this argument and concludes that Plaintiff has stated a claim for a violation of procedural due process based on his allegation that he was not provided notice that a package that was addressed to him was being returned to the sender.  On the current record, the Court is unwilling to conclude that notice to Plaintiff's lawyer was sufficient to provide Plaintiff the minimum procedural safeguards required by the Court in *Martinez*.

The Court recommends that Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) or, in the alternative, for summary judgment be denied.  Defendant is ordered to file an answer to the Complaint insofar as the Complaint asserts a claim that Plaintiff's procedural due process rights were violated when Defendant failed to notify Plaintiff that his incoming package had been returned to the sender.

The Court expresses no opinion regarding to what, if any, relief the Plaintiff might be entitled.  By its denial of Defendant's motion, the Court simply concludes, in light of the Eighth Circuit's remand, that Plaintiff's complaint states a claim for a violation of his right to minimal procedural safeguards when the mail from his lawyer was returned without notice to the Plaintiff. Defendant should answer this complaint.

## IV.   RECOMMENDATION

Based  upon  all  the  files,  records  and  proceedings  herein, **IT  IS  HEREBY**

**RECOMMENDED** that Defendant's Motion to Dismiss or for Summary Judgment [#13] be

**DENIED**.  Defendant be ordered to file an answer to the Complaint insofar as the Complaint asserts

a claim that Plaintiff's procedural due process rights were violated when Defendant failed to notify

Plaintiff that his incoming package had been returned to the sender.


DATED: April 20, 2007                     s/ *Franklin L. Noel*_____
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 10, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.