UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| VERNON BONNER, | Civil No. 03-6347 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| FEDERAL BUREAU OF PRISONS and T.C. OUTLAW, | |
| Defendants. | |

---

Vernon Bonner, #06300-027, Federal Prison Camp, Box 1000, Duluth, MN 55814, plaintiff *pro se*.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendants.

Vernon Bonner, a *pro se* federal prisoner, brought this action against the Federal Bureau of Prisons and prison officials claiming that they violated his constitutional rights by failing to deliver packages addressed to him and by failing to notify him that the packages had been returned. On March 7, 2005, this Court granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

Bonner appealed, and the United States Court of Appeals for the Eighth Circuit remanded for further consideration of the motion as it pertained to defendant T.C. Outlaw, the prison warden. Upon remand United States Magistrate Judge Franklin L. Noel recommended denying the motion as to the claims asserted against Outlaw, and Outlaw filed objections to the recommendation. This Court conducted a *de novo* review

of the objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.2(b).  For the reasons set forth below, the Court overrules the objections and adopts the Report and Recommendation.

## BACKGROUND

Plaintiff Vernon Bonner was incarcerated at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca") from March 2003 through November 2003.  During this time Thomas J. Organ, one of Bonner's attorneys during Bonner's criminal proceedings, mailed him at least two packages of legal transcripts that Bonner planned on using in other judicial proceedings.  Prison officials did not deliver the packages to Bonner nor did they inform him orally or in writing that the packages had arrived.  They instead sent the packages back to the attorney because the packages did not comply with prison regulations.

Bonner later learned that the packages had been returned and filed this lawsuit against the Federal Bureau of Prisons, mail room employees, and Outlaw, claiming that the decision to return the packages and the failure to tell him about the packages violated the First, Fifth, and Sixth Amendments of the Constitution.  He alleged that he suffered emotional damages and that his chances of succeeding in the other matters were diminished because he did not receive the packages when they were sent and because he was not notified that the packages had been returned.  Defendants responded with a motion to dismiss or in the alternative for summary judgment, arguing among other things that they did not have a duty to tell Bonner about the packages, that the complaint

fails to state a basis of liability for the warden, and that Bonner's claims are barred by qualified immunity. Defendants also argued that the complaint was barred by the Prison Litigation Reform Act (PLRA) because Bonner alleged damages for emotional distress without any accompanying physical injuries.

The Magistrate Judge recommended granting defendants' motion to dismiss in a Report and Recommendation dated December 7, 2004. The Magistrate Judge concluded that Bonner failed to state a claim under the First Amendment because the prison regulations governing the return of packages were reasonably related to legitimate penological interests. The Magistrate Judge also advised dismissal of the Fifth and Sixth Amendment claims, concluding that the rejection of the packages did not violate a fundamental right sufficient to invoke due process concerns and that Bonner's right to counsel had not been infringed because the constitutional right to legal representation attaches only in criminal proceedings.

This Court adopted the Magistrate Judge's Report and Recommendation and dismissed Bonner's complaint in a March 7, 2005 Order. On appeal, the Eighth Circuit affirmed dismissal of all the claims brought under the First and Sixth Amendments but reversed that portion of the Order dismissing Bonner's Fifth Amendment due process claim against Outlaw. *Bonner v. Fed. Bureau of Prisons,* 196 Fed. Appx. 447, 448 (8th Cir. 2006). The court remanded that claim, concluding that the Supreme Court decision in *Procunier v. Martinez*, 416 U.S. 396, 417-19 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401 (1989), stood for the proposition that inmates "have a right to procedural due process" when a decision is made "to censor or withhold

delivery of [a] letter," and that as a result the Constitution requires notice to inmates when incoming mail is returned. *Bonner*, 196 Fed. Appx. at 448.

Both parties submitted a response to the Eighth Circuit decision. Bonner again argued that he had sufficiently pled a claim for relief under the Fifth Amendment because he had a due process right to be notified that the packages had been returned. Outlaw raised many of the same arguments brought forth by defendants in the original motion to dismiss. He argued that due process only applies when a constitutionally protected liberty interest is at stake, that the prison regulations were reasonably related to legitimate penological goals, and that Bonner had been informed during orientation that improperly marked packages would be returned. Outlaw also reiterated the arguments raised previously that Bonner had not pled damages sufficient to proceed under the PLRA and that the claim was barred by qualified immunity because any constitutional right violated was not clearly established.

In an April 23, 2007 Report and Recommendation, Magistrate Judge Franklin L. Noel recommended that the motion to dismiss be denied. Noting that the Supreme Court determined in *Martinez* that inmates must be notified when a letter is not delivered, *see Martinez*, 416 U.S. 396, 417-19 (1974), and that 28 C.F.R. § 540.13 requires that inmates be notified "of the rejection of any letter addressed to that inmate," the Magistrate Judge concluded that Bonner should be allowed to proceed against Outlaw because Bonner had a clearly established constitutional right to receive notice when the packages were returned. Outlaw filed objections to the recommendation.

**ANALYSIS**

In his objections, Outlaw argues that this Court should grant his motion to dismiss since Bonner did not have a right to receive the packages and suffered no damages as a result of the lack of notice when they were returned. Outlaw also asserts that the Court should dismiss this case because there are no allegations that he had a personal role in returning the packages. Finally, he contends that qualified immunity entitles him to dismissal because any constitutional right violated was not clearly established at the time of the events giving rise to this case.

When reviewing motions to dismiss, courts take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Knieriem v. Group Health Plan, Inc.*, 434 F.3d 1058, 1060 (8th Cir. 2006). A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts to warrant judgment in the plaintiff's favor. *Id*.

Bonner's complaint states that Outlaw was responsible for notifying him when incoming mail was rejected, that mail sent from his former attorney was rejected without notice being given to him, and that the failure to notify him of the rejection further delayed his receipt of the packages and diminished his chances of prevailing in the lawsuit in which he was representing himself at that time. In accordance with the holdings of the Eighth Circuit that inmates "do have a right to due process . . . when their mail is rejected" and that inmates are entitled to notification when incoming mail is returned, *Bonner*, 196 Fed. Appx. at 448, the allegations in the complaint appear

sufficient to set forth a claim for damages under the Fifth Amendment.  *See id.*; *Griffin-El v. Delo*, 34 F.3d 602, 604 n.3 (8th Cir. 1994).

Outlaw maintains, nevertheless, that the complaint should be dismissed.  He asserts that inmates do not have an unconditional right to receive all packages sent to them, that the packages in this case were returned because they did not comply with prison regulations, and that the regulations were constitutionally permissible.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987).  He asserts as a result that providing notice would not have affected whether the packages were returned and that Bonner should therefore be barred from proceeding on his claim that the Constitution granted him the right to additional procedural safeguards.  *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) (holding that procedural due process protections only apply where there is a "substantive interest to which the individual has a legitimate claim of entitlement").

The Court agrees that the decision to return the packages is no longer an issue in this case and that the Constitution permits restrictions on inmate mail so long as the restrictions are "reasonably related" to legitimate penal interests.  *Turner,* 482 U.S. at 89.  The Eighth Circuit has determined that the Constitution still imposes a notice requirement when incoming mail is returned, however, and this remains true even where the decision to return the mail did not violate the Constitution.  S*ee Bonner*, 196 Fed. Appx. at 448.  Moreover, a requirement that inmates be notified when mail is returned ensures that restrictions on incoming mail comply with the requirement in *Turner* that all restrictions be "reasonably related" to legitimate institutional interests.  I*d*.  The Court concludes that

a reasonable basis for rejecting a package does not excuse administrators from the Constitutional requirement that they inform inmates when packages are returned.

Outlaw also contends that Bonner's complaint should be dismissed even if the Constitution requires notice to inmates when mail is returned pursuant to constitutionally permissible regulations. He argues that Bonner fails to establish a claim for damages sufficient to proceed under the PLRA and that Bonner has not set forth sufficient allegations explaining how Outlaw is responsible for the packages being returned without notice. Neither argument merits extended discussion.

The PLRA requires a "physical injury" before an inmate can proceed on claims for a "mental or emotional injury," 42 U.S.C. § 1997e(e), but that statute does not require dismissal where, as here, the inmate has alleged additional damages and injuries unrelated to physical health. Bonner claims that he was prejudiced in his other legal proceedings and that the delay caused other damages; these allegations are sufficient to avoid dismissal on this basis. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that courts hold *pro se* pleadings to less stringent standards when ruling on motions to dismiss).[1] Outlaw also seeks dismissal on the basis that he did not personally work in the mailroom, but the complaint sufficiently places responsibility on Outlaw for the violation alleged and a warden need not be directly involved in a constitutional deprivation to face liability for the violation. *See, e.g.*, *Ricketts v. City of Columbia*, 36 F.3d 775, 779 (8th Cir. 1994).

---

[1] Outlaw asks the Court to grant him summary judgment based on this argument in the event that the Court denies the motion to dismiss. The court denies this motion. Bonner has pled sufficient damages to proceed at this stage in the litigation.

Finally, Outlaw contends that qualified immunity entitles him to dismissal because any infringement did not affect a constitutional right that was clearly established at the time of the events giving rise to this case. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). The Supreme Court has long held that constitutional rights are implicated and therefore procedural safeguards apply when penal institutions restrict use of the mails for both incoming and outgoing documents. *See Martinez*, 416 U.S. at 417-19; *Turner*, 482 U.S. at 89; *see also Prison Legal News v. Cook*, 238 F.3d 1145, 1152 (9th Cir. 2001). Although the Supreme Court has never directly held that notice is required when incoming mail is returned, it is not necessary for the Court to address an issue directly for it to be clearly established. *Norfleet By and Through Norfleet v. Ark. Dep't. of Human Servs.*, 989 F.2d 289, 291 (8th Cir. 1993). Moreover, prison regulations are relevant in determining whether a constitutional right is clearly established, *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002), and federal prison regulations included "notice of rejection" requirements for incoming mail at the time the packages were returned. *See* 28 C.F.R. § 540.13; *see generally McGann v. Stock*, 1989 WL 102032, at *5 n.2 (9th Cir. Aug. 28, 1989) (noting that § 540.13 was promulgated in response to the decision in *Martinez*). Given Supreme Court precedent and pertinent prison regulations, the Court concludes that Bonner had a clearly established constitutional right to notice when the packages were returned and that Outlaw is not required to qualified immunity on this claim.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant Outlaw's objections [Docket No. 70] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated April 23, 2007 [Docket No. 69]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss and in the alternative for summary judgment dated April 19, 2004 [Docket No. 13] is **DENIED**.

2. Defendant is ordered to file an answer to the Complaint insofar as the Complaint asserts a claim that plaintiff's procedural due process rights were violated when defendant filed to notify plaintiff that his incoming package had been returned to the sender.


DATED: August 31, 2007                        s/ John R. Tunheim
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                               United States District Judge