# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Vernon Bonner, | Civil No. 03-6347 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| T. C. Outlaw, | |
| Defendant. | |

Plaintiff, *Pro Se*.
Lonnie F. Bryan, Assistant United States Attorney, for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendant's Motion for Summary Judgment [#103]. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendant's Motion be **GRANTED**.

## I. BACKGROUND

In 2003, Vernon Bonner ("Plaintiff") was an inmate at the Federal Correctional Institution ("FCI") in Waseca, Minnesota. At that time, T.C. Outlaw ("Defendant" or "Defendant Outlaw") was the warden at FCI.

While incarcerated at FCI in 2003, Plaintiff's attorney, Thomas J. Organ, twice sent him correspondence, which included trial transcripts Plaintiff allegedly needed to meet specific deadlines set for the filing of a habeas corpus petition. *Bonner v. Fed. Bur. of Prisons*, 2005 WL 1073644 at *5 (D. Minn. Mar. 7, 2005); *Bonner v. Outlaw*, 552 F.3d 673, 675 (8th Cir. 2009). Prison officials rejected the correspondence because the mailings were not in compliance with prison regulations pertaining to the receipt of "packages." *Outlaw*, 552 F.3d at 675. On neither occasion, did prison

officials notify Plaintiff that his mail had been rejected. *Id.* Eventually, Plaintiff learned of the rejections from his attorney, and he completed the grievance process with respect to the rejection of the packages and the lack of notice that those packages were rejected. *Id.*

On November 28, 2003, Plaintiff initiated a *Bivens* action against Defendant Outlaw as well as the Federal Bureau of Prisons and Sue McIntosh, a Bureau of Prisons employee who was assigned to the mail room. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his complaint, Plaintiff asserted that he needed "certain legal documents from his attorney[,] Mr. Organ, and must keep up the legal deadlines that need be met in Federal Criminal Court and to prosecute integral civil proceeding [sic] (Habeas Corpus)." (ECF No. 1, Compl. ¶ 10.) Plaintiff further claimed that "Plaintiff has been damaged in that because he cannot communicate with his attorney or the various Courts as above, his chances of prevailing are diminished." (Compl. ¶ 11.) Plaintiff alleged violations of the First, Fifth, and Sixth Amendments to the U.S. Constitution, claiming that the rejection of the packages violated his constitutional rights, as did Defendant Outlaw's failure to notify him of the rejections. The Eighth Circuit affirmed dismissal of all claims based on the actual rejections of the packages. *Bonner v. Fed. Bur. of Prisons,* 196 Fed. Appx. 447, 448 (8th Cir. 2006) (per curiam).

In its first opinion, the Eighth Circuit "concluded the rejection of the packages did not violate Bonner's constitutional rights because they did not comply with valid prison regulations," but noted that "inmates do have a right to procedural due process when their mail is rejected." *Bonner*, 552 F.3d at 675–76, *citing Bonner,* 196 Fed. Appx. at 448. Because the "district court did not address Bonner's allegation that defendant T. C. Outlaw failed to notify him that his incoming mail had been returned," the Eighth Circuit remanded Plaintiff's procedural due process claim against Defendant

Outlaw. *Bonner*, 552 F.3d at 676, *citing Bonner,* 196 Fed. Appx. at 448. In light of that opinion, Plaintiff's only remaining cause of action was the alleged due process violation asserted against Defendant Outlaw for his failure to notify Plaintiff that his incoming mail had been returned to sender.

On remand, Defendant Outlaw filed a motion to dismiss for failure to state a claim or for summary judgment, in which Defendant Outlaw asserted the defense of qualified immunity. The undersigned determined that Defendant was not shielded by the doctrine of qualified immunity and concluded that Plaintiff alleged a violation of a clearly established constitutional right. The district court adopted the recommendation and denied the motion to dismiss. On interlocutory appeal, the Eighth Circuit affirmed the district court's denial of the motion on the basis of qualified immunity. *See Bonner*, 552 F.3d at 675–80. In its opinion, the Eighth Circuit also rejected Defendant's argument that no constitutional violation occurred because Plaintiff did, in fact, receive notice from his attorney that his packages were rejected. *Id.* at 679. The Court based its determination on Plaintiff's allegation that he suffered harm from the delay in receiving notice. *Id.* at 679. The Court noted that "[w]hether Bonner did in fact suffer harm from the delay in notice is an issue of fact outside our jurisdiction to resolve at this stage in the litigation." *Id.*

The parties have since engaged in substantial discovery efforts. The discovery process revealed that Plaintiff has filed a number of habeas corpus petitions.[1] The petition at issue with

---

[1] On March 22, 2007, the United States District Court for the District of Minnesota docketed a petition for a writ of habeas corpus filed by Plaintiff. (ECF No. 105, Ex. A, Request for Admissions, Req. No. 16; *see* 07-cv-1599.) On May 30, 2008, Petitioner filed another habeas petition in this Court under a separate file number, 08-cv-1474. (Req. No. 17.) Although not addressed in discovery, it appears to the Court that Petitioner filed a third petition for a writ of habeas corpus in the District of Minnesota on April 24, 2008. (*See* 08-cv-1131). Additionally, Plaintiff filed several additional motions and appeals in the Northern District of Indiana and the Northern District of Illinois related to his criminal cases in those courts. (*See* Req. No. 18-26.)

3

respect to the instant case, however, is the 28 U.S.C. § 2255 petition filed in the Northern District of Indiana. Plaintiff acknowledged that the deadline for filing his 28 U.S.C. § 2255 habeas corpus action in that court was November 13, 2003. (ECF No. 105, Ex. A, Request for Admissions, Req. No. 32.) Plaintiff filed his 28 U.S.C. § 2255 petition in the Northern District of Indiana on September 11, 2003. (Req. No. 33.) Plaintiff ultimately received the transcripts at issue once he had been transferred to Duluth. (*See* Req. No. 40.) Plaintiff has admitted that "the delay in receiving the transcripts that were in the packages rejected at FCI Waseca did not prejudice [his] habeas corpus action." (Req. No. 41.) Plaintiff acknowledges he was able to timely file his habeas petition.

On May 28, 2010, Defendant Outlaw filed the instant motion for summary judgment. (ECF No. 103.) He now argues that: 1) Plaintiff lacks evidence necessary to prove the essential elements of his case in chief and satisfy the injury requirements of 42 U.S.C. § 1997e(e); 2) Defendant was not personally involved in the acts in question and is thus entitled to qualified immunity; and 3) There are no genuine issues of material fact, thereby entitling Defendant to judgment as a matter of law. (*See* ECF No. 103.)[2]

## II.   LEGAL ANALYSIS

### A.   Summary Judgment Standard

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, "it is the substantive law's identification of which facts

---

[2]Many of these arguments, or some variation thereof, were addressed in a previous recommendation of this Court. (*See* ECF No. 69.)

4

are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Anderson*, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

**B.      Because No Evidence of Actual Physical Harm or Injury to Plaintiff Exists in the Record, Summary Judgment Must Be Granted in Defendant's Favor.**

Defendant argues, once again, that 42 U.S.C. § 1997e(e) entitles him to judgment in his favor. This Court previously concluded that the record, at the time of the previous motion, was insufficient to make a determination as to whether the instant suit was barred by 42 U.S.C. §

1997e(e). Because the Court now concludes that Plaintiff has failed to meet the statutory requirements in order for his claim against Defendant to survive, the undersigned need not address Defendant's other arguments in this motion.

42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Defendant asserts that Plaintiff has not alleged a physical injury in his complaint–and has made no showing of physical injury–therefore, his claims for emotional and mental distress are inadequate and must be dismissed. In response to Defendant's motion, Plaintiff has submitted no evidence to support any claim of injury sufficient to defeat the motion for summary judgment. In fact, Plaintiff now concedes that any harm caused by Defendant was entirely emotional and not physical. (*See* ECF No. 105, Ex. B, Pl.'s Depo. at 71-75.)

Moreover, the evidence in the record currently before the Court does not support a finding that Plaintiff suffered any harm or injury as a result of receiving his transcript packages in a tardy manner. Plaintiff was able to timely file his habeas petition 30 days before the deadline. He further admitted that "the delay in receiving the transcripts that were in the packages rejected at FCI Waseca did not prejudice [his] habeas corpus action." (Req. No. 41.) Here, Plaintiff has relied merely on the allegations within his complaint and has submitted no evidence to support his claim. There is no evidence in the record that Plaintiff suffered any physical harm or, for that matter, any harm related to the filing of his habeas petition. For this reason, Plaintiff has failed to make a showing of an injury in fact resulting from Defendant's alleged due process violation.

Upon review of the record and the evidence now before the Court, it appears that no genuine

6

issues of material fact exist for trial, thereby entitling Defendant to judgment as a matter of law. For the reasons articulated herein, Defendant's motion for summary judgment must be granted.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Defendant's Motion for Summary Judgment [#103] be **GRANTED**;

2) This matter be **DISMISSED with prejudice**; and

3) **JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: October 28, 2010              *s/ Franklin L. Noel*
                                     FRANKLIN L. NOEL
                                     United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 12, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.